BRYAN SCHRODER
United States Attorney

ANDREA T. STEWARD
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: Aunnie.Steward@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>    vs.<br><br>WALTER EARL,<br><br>               Defendant. | No. 3:20-cr-00034-SLG-MMS<br><br>COUNTS 1-3:<br>LACEY ACT VIOLATIONS<br>  Vio. 16 U.S.C. §§ 3372(a)(1);<br>3373(d)(1)(B)<br><br>COUNT 4:<br>TAX EVASION<br>Vio. 26 U.S.C. § 7201 |

I N FORMATION

The United States Attorney charges that:

GENERAL ALLEGATIONS

At all times material to this Information:

1.    The defendant, Walter Earl, was the owner of the Antique Gallery, located on Fourth Avenue, in Anchorage, Alaska.

2.    As part of his business, the defendant routinely trafficked in the purchase and retail sale of illegal walrus ivory including sales of the skull and tusks together as a head mount.  As part of his business, the defendant bought walrus ivory from sellers knowing it was illegal for him to do so and then, for many years, illegally sold the walrus ivory at a significant profit through the Antique Gallery.

3.    In addition to the foreging, the defendant also willfully evaded paying all taxes due and owing on the income he earned at the Antique Gallery, including income earned from the illegal wildlife sales.

## Lacey Act

4.    The Lacey Act makes it unlawful, among other things, to knowingly engage in conduct that involves the sale or purchase of, the offer of sale or purchase of, or the intent to sell or purchase, wildlife with a market value in excess of $350.00, by transporting, selling, receiving, acquiring or purchasing wildlife, knowing that the wildlife was taken, possessed, transported, or sold in violation of, or in a manner unlawful under the laws of the United States, pursuant to 16 U.S.C. § 3372(a)(1) and 16 U.S.C. § 3373(d)(1)(B).

## Marine Mammal Protection Act

5.    Under the Marine Mammal Protection Act (MMPA), it is unlawful for any person to transport, purchase, sell, or offer to purchase or sell any marine mammal, marine mammal part, or marine mammal product for any purpose other than public display, scientific research, or enhancing the survival of a species.  16 U.S.C. § 1372(a)(4)(B).

Case 3:20-cr-00034-SLG-MMS   Document 1   Filed 04/23/20   Page 2 of 6

Under the MMPA, "marine mammal" includes the Pacific Walrus (*Odobenus rosmarus*). 16 U.S.C. § 1362(6). "Marine mammal product" includes "any item of merchandise which consists, or is composed in whole or in part, of any marine mammal" which includes walrus skulls and tusks sold together as a head mount. 16 U.S.C. § 1362(7).

6.     The MMPA permits the take of marine mammals and the possession of their parts only to those Alaska native groups designated in the Act. The MMPA allows the sale of unaltered marine mammal parts when transacted between Alaskan natives, or between an Alaskan native and a registered agent permittee with United States Fish and Wildlife Service. 50 C.F.R. § 18.23. The MMPA does not apply to marine mammal parts or products taken or created prior to the passage of the Act in 1972.

7.     None of the walrus head mounts referenced in this Information were handcrafted by an Alaskan Native or sold by a registered agent. Additionally, all of the walrus head mounts referenced in this Information were taken after the enactment of the MMPA in 1972.

### Tax Evasion

8.     It is a violation of 26 U.S.C. § 7201 to willfully attempt to evade any federal income tax or the payment of such tax.

### COUNT 1:

9.     Paragraphs 1-7 are re-alleged here.

10.     On or about October 2, 2017, the defendant, Walter Earl, did knowingly sell wildlife with a market value in excess of $350.00, to wit: a walrus (*Odobenus rosmarus*) head mount for $2,500, knowing that the walrus head mount had been purchased and sold

Page 3 of 6

in a manner unlawful under the laws of the United States, specifically, the Marine Mammal Protection Act, 16 U.S.C. § 1372(a)(4)(B).

All of which is in violation of Title 18, United States Code, Sections 3372(a)(1) and 3373(d)(1)(B).

## COUNT 2:

11.     Paragraphs 1-7 are re-alleged here.

12.     On or about August 28, 2017, the defendant, Walter Earl, did knowingly sell wildlife with a market value in excess of $350.00, to wit: a walrus (*Odobenus rosmarus*) head mount for $9,500, knowing that the walrus head mount had been purchased and sold in a manner unlawful under the laws of the United States, specifically, the Marine Mammal Protection Act, 16 U.S.C. § 1372(a)(4)(B).

All of which is in violation of Title 18, United States Code, Sections 3372(a)(1) and 3373(d)(1)(B).

## COUNT 3:

13.     Paragraphs 1-7 are re-alleged here.

14.     On or about August 12, 2017, the defendant, Walter Earl, did knowingly sell wildlife with a market value in excess of $350.00, to wit: a walrus (*Odobenus rosmarus*) head mount for $5,500, knowing that the walrus head mount had been purchased and sold in a manner unlawful under the laws of the United States, specifically, the Marine Mammal Protection Act, 16 U.S.C. § 1372(a)(4)(B).

Case 3:20-cr-00034-SLG-MMS   Document 1   Filed 04/23/20   Page 4 of 6

All of which is in violation of Title 18, United States Code, Sections 3372(a)(1) and 3373(d)(1)(B).

Count 4:

15.     Paragraphs 1-3 and 8 are re-alleged here.

16.     For the tax year 2015, the defendant, Water Earl, a resident of Anchorage, Alaska received taxable income, upon which there was income tax due and owing to the United States of America.  Knowing the foregoing facts and failing to make an income tax return on or before April 15, 2016, as required by law, to any proper officer of the Internal Revenue Service, and to pay the income tax to the Internal Revenue Service, the defendant, from on or about January 1, 2015, through on or about December 31, 2015, in the District of Alaska and elsewhere, willfully attempted to evade and defeat income tax due and owing by him to the United States of America, for the tax year 2015, by committing the following affirmative acts all of which was done to avoid creating records of revenue and income:

> a)  the defendant instructed his employees not to report the income they earned from him,
>
> b)  the defendant intentionally kept inadequate business records,
>
> c)  the defendant conducted business transactions in cash, and
>
> d)  the defendant structured business transactions at the bank totaling approximately $600,000 so as to avoid reporting requirements.

All of which is in violation of Title 26, United States Code, Sections 7201.

//

//

Case 3:20-cr-00034-SLG-MMS   Document 1   Filed 04/23/20   Page 5 of 6

RESPECTFULLY submitted this 23 day of April, 2020, at Anchorage, Alaska.

BRYAN SCHRODER
United States Attorney


s/Andrea T. Steward
ANDREA T. STEWARD
Assistant United States Attorney
United States of America