BRYAN SCHRODER
United States Attorney

ANDREA STEWARD
Assistant United States Attorney
Federal Building & U.S. Courthouse
222 West 7th Avenue, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: aunnie.steward@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) No. |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| WALTER EARL, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## PLEA AGREEMENT

**Unless the parties jointly inform the Court in writing of any additional agreements, this document in its entirety contains the terms of the plea agreement between the defendant and the United States.  This agreement is limited to the District of Alaska; it does not bind other federal, state, or local prosecuting authorities.**

## I.   SUMMARY OF AGREEMENT, FEDERAL RULE OF CRIMINAL PROCEDURE 11

### A.   Summary of Agreement

The defendant agrees to plead guilty to the following counts of the Information in this case: Counts: 1, 2, and 3 - Lacey Act Violations, in violation of 16 U.S.C. § 3372(a)(1); and 4 - Tax Evasion, in violation of 26 U.S.C. § 7201.  The defendant agrees to pay $216,054 as restitution for tax loss for count 4 in the Information, for calendar years 2013, 2014, 2015, 2016 and 2017.  Further, the defendant agrees to abandon his interest in the wildlife items seized from his business entity, "The Antique Gallery," listed in the Addendum attached to this plea agreement.  The defendant agrees to have imposed as a condition of supervised release that he come into Internal Revenue taxpayer compliance by paying all individual income taxes due through the date of this agreement.

The United States agrees not to prosecute the defendant further for any other offense related to conduct known to the government that resulted in the charges contained in the Information.  The United States agrees that the $216,054 is the tax loss, including the relevant conduct, for the purposes of calculating the defendant's Base Offense Level under the U.S. Sentencing Guidelines (U.S.S.G or Guidelines).

The defendant will waive all rights to appeal the convictions and sentence imposed under this agreement.  The defendant will also waive all rights to collaterally attack the convictions and sentence, except on the grounds of ineffective assistance of counsel or the voluntariness of the pleas.

U.S. v. Walter Earl

B. **Federal Rule of Criminal Procedure 11**

Unless the parties otherwise inform the Court in writing, Federal Rule of Criminal Procedure 11(c)(1)(A) will control this plea agreement. Thus, the defendant may not withdraw from this agreement or the guilty pleas if the Court rejects the parties' sentencing recommendations at the sentencing hearing.

II. **CHARGES, ELEMENTS, FACTUAL BASIS, STATUTORY PENALTIES AND OTHER MATTERS AFFECTING SENTENCE**

A. **Charges**

1. **The defendant agrees to plead guilty to the following counts of the Information:**

Counts 1, 2, and 3: Lacey Act Violations, a violation of 16 U.S.C. § 3372(a)(1)

Count 4: Tax Evasion, a violation of 26 U.S.C. § 7201

B. **Elements**

The elements of the charges in Counts 1, 2, and 3, to which the defendant is pleading guilty are as follows:

1. The defendant knew that the wildlife, to wit; a walrus head mount, had been taken, possessed, transported, and sold in violation of the Marine Mammal Protection Act;

2. The market value of the wildlife exceeded $350, and;

3. The defendant knowingly engaged in conduct to sell the walrus head mount after it had been taken, possessed, transported and sold in violation of the Marine Mammal Protection Act.

U.S. v. Walter Earl

The elements of the charge in Count 4 to which the defendant is pleading guilty are as follows:

1.    An affirmative act constituting an attempt to evade or defeat a tax or the payment thereof;

2.    An additional tax due and owing; and

3.    Willfulness.

**C.    Factual Basis**

The defendant admits the truth of the allegations in Counts 1, 2, 3, and 4, of the Information and the truth of the following statement, and the parties stipulate that the Court may rely upon this statement to support the factual basis for the guilty pleas and for the imposition of the sentence:

The defendant, Walter Earl, was the owner of the Antique Gallery, located on Fourth Avenue, in Anchorage, Alaska. As part of his business, the defendant routinely trafficked in illegal walrus ivory. The defendant bought walrus ivory from sellers knowing it was illegal for him to do so. The defendant thereafter, and for many years, sold the walrus ivory at a significant profit through the Antique Gallery. The defendant also willfully evaded paying taxes due and owing on the income he earned at his store, including income earned from the illegal wildlife sales. The defendant also illegally bought and sold firearms without a required Alcohol, Tobacco and Firearms dealer's license and further failed to pay taxes on these illegal firearms sales.

As part of the factual basis, the parties agree to the following facts which are charged in Counts 1, 2, 3 and 4 of the Information:

U.S. v. Walter Earl

**Count 1:**

On September 27, 2017, the defendant illegally purchased a walrus ivory head mount for $900. The defendant falsely told the seller that he was legally allowed to purchase the walrus ivory because he employed Alaska natives, when the defendant knew that was not true. On October 2, 2017, the defendant sold this illegal walrus ivory head mount for $2,500. The defendant told the purchaser a false story about the source of the walrus ivory to conceal the fact that the sale was illegal. On November 7, 2017, the defendant falsely told U.S. Fish and Wildlife agents that the walrus ivory head mount was "Pre-Act" and therefore legal to sell, when the defendant knew this was not true.

**Count 2:**

On June 19, 2017, the defendant illegally purchased a walrus ivory head mount for $1,400. On August 28, 2017, the defendant illegally sold this walrus ivory head mount for $9,500. The defendant falsely notarized a statement that the walrus ivory head mount was "Pre-Act" and therefore legal for him to sell, when he knew that was not true.

**Count 3:**

On July 23, 2017, the defendant illegally purchased a walrus ivory head mount for $2,800. On August 12, 2017, the defendant illegally sold this walrus ivory head mount for $5,500. The defendant knew it was illegal for him to purchase and sell this walrus ivory head mount.

**Count 4:**

The defendant received gross income in the years 2013, 2014, 2015, 2016, and 2017, that the defendant knew required him to file a tax return by the required date. The

U.S. v. Walter Earl

defendant did not, however, file an individual income tax return, Form 1040, for the said years by the last day prescribed for the filing. The gross income received by the defendant in said years included gross income from the defendant's solely owned business, Antique Gallery, located in Anchorage, Alaska. The defendant received adjusted gross income totaling $679,245 for the years 2013 through 2017.

The defendant evaded paying income tax from at least 2013 through 2017. The defendant has tax due and owing of $53,145 in 2013, $18,751 in 2014, $66,847 for 2015, $60,997 for 2016, and $16,314 for 2017, for a total of $216,054 of taxes due and owing. The defendant took many steps to willfully evade assessment and payment of these taxes. In addition to not filing individual tax returns the defendant also committed the following affirmative acts of evasion; structuring transactions at various financial institutions to avoid reporting requirements, instructing his employees to not to report the income they earned from the defendant, keeping inadequate business records, and use of cash, all of which was done to avoid creating records of revenue and income.

Regarding the defendant's structuring activity, the defendant engaged in conduct intended, at least in part, to conceal and mislead the IRS as to his income by causing financial institutions to fail to file required reports to the United States Department of the Treasury. In 2015 and 2016, the defendant directed the cashing of checks totaling more than $1 million written in amounts just under $10,000 at Wells Fargo, for the purpose of avoiding reporting requirements. Additionally, in 2017 and 2018, the defendant directed the cashing of checks totaling more than $450,000 in amounts just under $10,000 at Alaska USA, for the purpose of avoiding reporting requirements. Finally, in 2014

U.S. v. Walter Earl

through 2017, the defendant deposited cash in excess of $200,000 in amounts under $10,000 at Northrim Bank, for the purpose of avoiding reporting requirements.

Specifically, for the tax year 2015 charged in Count 4 of the Information, as noted above, the defendant has tax due and owing of $60,997. The defendant took many steps to willfully evade assessment and payment of tax for the 2015 tax-year as detailed above. This included the defendant instructing his employees not to report the income they earned from him, keeping inadequate business records, and use of cash, all of which was done to avoid creating records of revenue and income. Regarding the affirmative act of structuring, in the tax year 2015 the defendant cashed $599,075 in checks at Wells Fargo.

**Relevant Conduct:**

**Lacey Act:**

As part of the defendant's scheme to illegally buy and sell walrus ivory, the defendant illegally purchased more than 50 walrus tusks he intended to sell illegally. The total market value for these tusks is approximately $27,860.

**Tax Evasion:**

The defendant did not report to the Internal Revenue Service the income in excess of $10,000 he made from the illegal walrus ivory sales set out in Counts 1, 2, and 3.

The defendant did not file a tax return reporting his income for the years 1998 through 2017.

**Illegal Firearm Business:**

From at least the timeframe of the Information, the defendant was in the business of selling firearms without the required license in violation of 18 U.S.C. § 922(a)(1)(A), U.S. v. Walter Earl

and 923(a)(1)(D). The defendant agrees to cease his illegal buying and selling of firearms and to use a licensed dealer to conduct any purchases or sales of firearms.

### D. Statutory Penalties and Other Matters Affecting Sentence

#### 1. Statutory Penalties

The maximum statutory penalties applicable to the charges to which the defendant is pleading guilty, based on the facts to which the defendant will admit in support of the guilty pleas, are as follows:

**Counts 1, 2, and 3: 16 U.S.C. § 3372(a)(1) (Lacey Act Violations)**

1) 5 years imprisonment;

2) $250,000 fine; and

3) three years supervised release.

**Count 4: 26 U.S.C. § 7201 (Tax Evasion)**

1) 5 years imprisonment;

2) $250,000 fine; and

3) 3 years supervised release.

#### 2. Other Matters Affecting Sentence

##### a. Conditions Affecting the Defendant's Sentence

The following conditions may also apply and affect the defendant's sentence: 1) pursuant to Comment 7 of U.S.S.G. § 5E1.2, the Court may impose an additional fine to pay the costs to the government of any imprisonment and supervised release term; 2) pursuant to 18 U.S.C.§ 3612(f), unless otherwise ordered, if the Court imposes a fine of more than $2,500, interest will be charged on the balance not paid within 15 days after

U.S. v. Walter Earl

the judgment date; 3) upon violating any condition of supervised release, a further term of imprisonment equal to the period of the supervised release may be imposed, with no credit for the time already spent on supervised release; 4) the Court may order the defendant to pay restitution pursuant to  the 18 U.S.C. § 3663 and U.S.S.G. § 5E1.1, and if 18 U.S.C. § 3663A (mandatory restitution for certain crimes) applies, the Court shall order the defendant to pay restitution.

### b.    Payment of Special Assessment

The defendant agrees to pay the entire special assessment in this case on the day the Court imposes the sentence.  All payments will be by check or money order, and are to be delivered to the Clerk of Court, United States District Court, 222 W. 7th Ave. Box 4, Rm. 229, Anchorage, AK 99513-7564.

### c.    Consequences of Felony Conviction

Any person convicted of a federal felony offense may lose or be denied federal benefits including any grants, loans, licenses, food stamps, welfare or other forms of public assistance, as well as the right to own or possess any firearms, the right to vote, the right to hold public office, and the right to sit on a jury.  If applicable, any defendant who is not a United States citizen may be subject to deportation from the United States following conviction for a criminal offense, be denied citizenship,  and not permitted to return to the United States unless the defendant specifically receives the prior approval of the United States Attorney General.  In some circumstances, upon conviction for a criminal offense, any defendant who is a naturalized United States citizen may suffer adverse immigration consequences, including but not limited to possible denaturalization.

U.S. v. Walter Earl

### E. Restitution

The defendant agrees that the Court will order restitution to the Internal Revenue Service in the amount of $216,054 in tax loss for the years 2013 through 2017. Defendant agrees that the total amount of restitution reflected in this agreement results from defendant's criminal conduct. Defendant agrees not to file any claim for refund of taxes or interest represented by any amount of restitution paid pursuant to this agreement. Defendant agrees that restitution is due and payable immediately after the judgment is entered and is subject to immediate enforcement, in full, by the United States. If the Court imposes a schedule of payments, Defendant agrees that the schedule of payments is a schedule of the minimum payment due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full. The IRS will use the amount of restitution ordered as the basis for a civil assessment under 26 U.S.C. § 6201(a)(4).

Defendant does not have the right to challenge the amount of this restitution-based assessment. See 26 U.S.C. § 6201(a)(4)(C). Neither the existence of a restitution payment schedule nor Defendant's timely payment of restitution according to that schedule will preclude the IRS from immediately collecting the full amount of the restitution-based assessment. Defendant is entitled to receive credit for restitution paid pursuant to this plea agreement against those assessed civil tax liabilities due and owing for the same periods for which restitution was ordered.

Defendant understands and agrees that the plea agreement does not resolve the Defendant's civil tax liabilities, that the IRS may seek additional taxes, interest, and

U.S. v. Walter Earl

penalties from Defendant relating to the conduct covered by this plea agreement and for conduct relating to another time period, and that satisfaction of the restitution debt does not settle, satisfy, or compromise Defendant's obligation to pay any remaining civil tax liability. Defendant authorizes release of information to the IRS for purposes of making the civil tax and restitution-based assessments.

Defendant understands that he is not entitled to credit with the IRS for any payment until the payment is received by the IRS. If full payment cannot be made immediately, Defendant agrees to make a complete and accurate financial disclosure to the IRS on forms prescribed by the IRS (including, but not limited to, IRS Form 433-A and Form 433-B, as appropriate), and to disclose to the IRS any and all additional financial information and financial statements provided to the probation office. Defendant also agrees to provide the above-described information to the probation office.

Defendant agrees to send all payments made pursuant to the Court's restitution order to the Clerk of the Court at the following address:

United States District Court
222 W. 7th Ave.
Box 4, Rm. 229
Anchorage, AK 99513-7564

With each payment to the Clerk of the Court made pursuant to the District Court's restitution order, defendant will provide the following information:

1.      Defendant's name and Social Security number;

2.      The District Court and the docket number assigned to this case;

3.      Tax year(s) or period(s) for which restitution has been ordered; and

U.S. v. Walter Earl

4.      A statement that the payment is being submitted pursuant to the District Court's restitution order.

Defendant agrees to include a request that the Clerk of the Court send the information, along with Defendant's payments, to the IRS address below:

IRS - RACS
Attn: Mail Stop 6261, Restitution
333 W. Pershing Ave.
Kansas City, MO 64108.

## F.     Voluntary Abandonment

"Personal property" to be voluntarily abandoned under this agreement include the items attached as an Addendum to this Plea Agreement. The defendant warrants that the defendant had sole possession and ownership of the property referenced above, and that there are no claims to, or liens or encumbrances on the property referenced above. Defendant will take all steps as requested by the United States to pass clear title to the property, including but not limited to, executing documents, and testifying truthfully in any legal proceeding. The defendant agrees to forever abandon and disclaim any right, title, and interest the defendant may have in the property listed in the Addendum to this Plea Agreement, and warrant to the Court free, clear and unencumbered title to this property.

## III.    ADVISORY UNITED STATES SENTENCING GUIDELINES, GUIDELINE APPLICATION AGREEMENTS, SENTENCING RECOMMENDATIONS

### A.    Advisory United States Sentencing Guidelines

The Court must consult the advisory United States Sentencing Commission Guidelines [U.S.S.G.] as well as the factors set forth in 18 U.S.C. § 3553(a) when

U.S. v. Walter Earl

considering the sentence to impose.  The U.S.S.G. do not establish the statutory maximum or minimum sentence applicable to the offenses to which the defendant is pleading guilty.  The U.S.S.G. are not mandatory and the Court is not bound to impose a sentence recommended by the U.S.S.G.

### B.    Guideline Application Agreements

The parties have no agreements on any guideline applications unless set forth below in this section.

#### 1.    Acceptance of Responsibility

If the United States concludes that the defendant has satisfied the criteria set out in U.S.S.G. § 3E1.1 and the applicable application notes,  the United States agrees to recommend the defendant for a two level downward adjustment for acceptance of responsibility and, if U.S.S.G. § 3E1.1(b) applies, to move for the additional one level adjustment for acceptance of responsibility.  If, at any time prior to imposition of the sentence, the United States concludes that the defendant has failed to fully satisfy the criteria set out in U.S.S.G. § 3E1.1, or has acted in a manner inconsistent with acceptance of responsibility, the United States will not make or, if already made, will withdraw this recommendation and motion.

### C.    Sentencing Recommendations

The United States Probation Office will prepare the defendant's pre-sentence report in which it will include a recommended calculation of the defendant's sentence range under the U.S.S.G.  Both the United States and the defendant will have the opportunity to argue in support of or in opposition to the guideline sentence range

U.S. v. Walter Earl

calculation the U.S.P.O. recommends, as well as present evidence in support of their respective sentencing arguments.

The parties agree to recommend that the Court order a fine of $5,000 for Count 1, $19,000 for Count 2, and $11,000 for Count 3, for a total of $35,000 in fines for the Lacey Act counts. The check for these fines will include a "deposit account notation" that indicates the "Lacey Act Reward Account." These fines collected by the clerk's office should be forwarded to the following address:

> U.S. Fish and Wildlife Service
> Cost Accounting Section
> PO Box 272065
> Denver, CO 80227-9060

The parties agree to recommend that the Court order a fine of $150,000 for Count 4 Tax Evasion.

The parties are free to recommend to the Court their respective positions on the appropriate sentence to be imposed in this case based on the stipulated facts set forth in Section II.C, any additional facts established at the imposition of sentence hearing, the applicable statutory penalty sections, the advisory U.S.S.G., and the sentencing factors set forth in 18 U.S.C. § 3553.

## IV. ADDITIONAL AGREEMENTS BY UNITED STATES

In exchange for the defendant's guilty pleas and the Court's acceptance of the defendant's pleas and the terms of this agreement, the United States agrees that it will not prosecute the defendant further for any other offense – now known – arising out of the

U.S. v. Walter Earl

subject of the investigation related to the charges brought in the Information in this case and the defendant's admissions set forth in Section II.C.

Provided, however, if the defendant's guilty pleas or sentence are rejected, withdrawn, vacated, reversed, set aside, or modified, at any time, in any proceeding, for any reason, the United States will be free to prosecute the defendant on all charges arising out of the investigation of this case including any charges dismissed pursuant to the terms of this agreement, which charges will be automatically reinstated as well as for perjury and false statements. The defendant hereby agrees that he waives any defense that the statute of limitations bars the prosecution of such a reinstated charge.

## V. WAIVER OF TRIAL RIGHTS, APPELLATE RIGHTS, COLLATERAL ATTACK RIGHTS, CLAIM FOR ATTORNEY FEES AND COSTS, AND RULE 410

### A. Trial Rights

Being aware of the following, the defendant waives these trial rights:

– If pleading to an Information, the right to have the charges presented to the grand jury prior to entering the guilty plea;

– The right to a speedy and public trial by jury on the factual issues establishing guilt or any fact affecting the mandatory minimum and statutory penalties, and any issue affecting any interest in any assets subject to forfeiture;

– The right to object to the composition of the grand or trial jury;

– The right to plead not guilty or to persist in that plea if it has already been made;

U.S. v. Walter Earl

– The right to be presumed innocent and not to suffer any criminal penalty unless and until the defendant's guilt is established beyond a reasonable doubt;

– The right to be represented by counsel at trial and if necessary to have a counsel appointed at public expense to represent the defendant at trial – the defendant is not waiving the right to have counsel continue to represent the defendant during the sentencing phase of this case;

– The right to confront and cross examine witnesses against the defendant, and the right to subpoena witnesses to appear in the defendant's behalf;

– The right to remain silent at trial, with such silence not to be used against the defendant, and the right to testify in the defendant's own behalf; and

– The right to contest the validity of any searches conducted on the defendant's property or person.

**B.    Appellate Rights**

The defendant waives the right to appeal the convictions resulting from the entry of guilty pleas to the charges set forth in this agreement.  The defendant further agrees that if the Court imposes a sentence that does not exceed the statutory maximum penalties – as set forth in Section II.D above in this agreement, the defendant waives without exception the right to appeal on all grounds contained in 18 U.S.C. § 3742 the sentence the Court imposes.  The defendant understands that this waiver includes, but is not limited to, forfeiture (if applicable), terms or conditions of probation (if applicable) or

U.S. v. Walter Earl

supervised release, any fines or restitution, and any and all constitutional (or legal) challenges to defendant's convictions and guilty pleas, including arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's pleas of guilty.

The defendant agrees that the appellate and collateral attack waivers contained within this agreement will apply to any 18 U.S.C. § 3582(c) modifications, as well as the district court's decision to deny any such modification.

Should the defendant file a notice of appeal in violation of this agreement, it will constitute a material breach of the agreement. The government is free to reinstate any dismissed charges, and withdraw any motions for downward departures, or sentences below the mandatory minimum made pursuant to 18 U.S.C. § 3553(e).

### C. Collateral Attack Rights

The defendant agrees to waive all rights to collaterally attack the resulting convictions and/or sentence – including forfeiture (if applicable) or terms or conditions of probation (if applicable) or supervised release, and any fines or restitution – the Court imposes. The only exceptions to this collateral attack waiver are as follows: 1) any challenge to the conviction or sentence alleging ineffective assistance of counsel – based on information not now known to the defendant and which, in the exercise of reasonable diligence, could not be known by the defendant at the time the Court imposes sentence; and 2) a challenge to the voluntariness of the defendant's guilty pleas.

U.S. v. Walter Earl

### D. Claim for Attorney Fees and Costs

Because this is a negotiated resolution of the case, the parties waive any claim for the award of attorney fees and costs from the other party.

### E. Evidence Rule 410 and Fed. R. Crim. P. 11(f)

By signing this agreement, the defendant admits the truth of the facts in the Factual Basis portion of this agreement set forth in Section II.C. The defendant agrees that the statements made by him in signing this agreement shall be deemed usable and admissible against the defendant as stipulations in any hearing, trial or sentencing that may follow. The foregoing provision acts as a modification, and express waiver, of Federal Rule of Evidence 410 and Federal Rule of Criminal Procedure 11(f), and is effective upon the defendant's in-court admission to the factual basis supporting the pleas. This provision applies regardless of whether the court accepts this plea agreement.

### F. Potential Plea before Magistrate Judge

The defendant has the right to enter a plea before a United States District Court Judge. The Defendant, defense counsel, and the attorney for the Government consent to have the Defendant's pleas taken by a United States Magistrate Judge pursuant to Fed. R. Cr. P. 11 and 59. The parties understand that if the Magistrate Judge recommends that the pleas of guilty be accepted, a pre-sentence investigation report will be ordered pursuant to Fed. R. Crim. P. 32. The parties agree to file objections to the Magistrate Judge's Report and Recommendation within seven calendar days, thereby shortening the time for objections set forth in Fed. R. Crim. P. 59. The District Court Judge will decide whether to accept this plea agreement at the time it imposes sentence in the case. The defendant

U.S. v. Walter Earl

agrees that if the defendant is pleading guilty to an offense described in Title 18, United States Code, Section 3142(f)(1)(A), (B), or (C) (involving a crime of violence, a crime punishable by a maximum sentence of life or death, or a Title 21 controlled substance offense for which the maximum sentence is ten years or more), that the defendant will remand into custody on the day that he/she agrees in court to the factual basis supporting the plea. The defendant further agrees not to seek release at any time between the date of the guilty plea before the Magistrate Judge and the date of imposition of sentence before the District Court Judge.

## VI.     ADEQUACY OF THE AGREEMENT

Pursuant to Local Criminal Rule 11.2(d)(7),  this plea agreement is appropriate in that it conforms with the sentencing goals that would otherwise be applicable to the defendant's case if the defendant had gone to trial and had been convicted on all counts in the charging instrument.

## VII.    THE DEFENDANT'S ACCEPTANCE OF THE TERMS OF THIS PLEA AGREEMENT

I, Walter Earl, the defendant, affirm this document contains all of the agreements made between me – with the assistance of my attorney – and the United States regarding my pleas.  There are no other promises, assurances, or agreements the United States has made or entered into with me that have affected my decision to enter any plea of guilty or to enter into this agreement.  If there are any additional promises, assurances, or agreements, United States and I will jointly inform the Court in writing before I enter my guilty pleas.

U.S. v. Walter Earl

I understand that no one, including my attorney, can guarantee the outcome of my case or what sentence the Court may impose if I plead guilty. If anyone, including my attorney, has done or said anything other than what is contained in this agreement, I will inform the Court when I stand before it to enter my plea.

I enter into this agreement understanding and agreeing that the conditions set forth herein are obligatory and material to this agreement and that any failure on my part to fulfill these obligations will constitute a material breach of this agreement. If I breach this agreement, I agree the United States, in its sole discretion, may withdraw from this agreement and may reinstate prosecution against me on any charges arising out of the investigation in this matter. If my compliance with the terms of this plea agreement becomes an issue, at an appropriate hearing, during which I agree any of my disclosures will be admissible, the Court will determine whether or not I have violated the terms of this agreement. I understand the government's burden to prove a breach will be by a preponderance of the evidence.

I understand the Court will ask me under an oath to answer questions about the offenses to which I am pleading guilty and my understanding of this plea agreement. I understand that I may be prosecuted if I make false statements or give false answers and may suffer other consequences set forth in this agreement.

I have read this plea agreement carefully and understand it thoroughly. I know of no reason why the Court should find me incompetent to enter into this agreement or to enter my plea(s). I enter into this agreement knowingly and voluntarily. I have had this agreement read to me multiple times. I understand that anything that I discuss with my attorney is privileged and confidential, and cannot be

U.S. v. Walter Earl

revealed without my permission. Knowing this, I agree that this document will be filed with the Court.

I am fully satisfied with the representation given me by my attorney and am prepared to repeat this statement at the time I stand before the Court and enter my guilty pleas. My attorney and I have discussed all possible defenses to the charges to which I am pleading guilty. My attorney has investigated my case and followed up on any information and issues I have raised to my satisfaction. My attorney has taken the time to fully explain the legal and factual issues involved in my case to my satisfaction. We have discussed the statutes applicable to my offense and sentence as well as the possible effect the U.S.S.G. may have on my sentence.

Based on my complete understanding of this plea agreement, I therefore admit that I am guilty of Counts 1, 2 and 3 - Lacey Act Violations, in violation of 16 U.S.C. § 3372(a)(1); and 4 - Tax Evasion, in violation of 26 U.S.C. § 7201 of the Information.

DATED: 4/14/2020

WALTER EARL
Defendant

U.S. v. Walter Earl

As counsel for the defendant, I have conveyed all formal plea offers. I have discussed the terms of this plea agreement with the defendant, have fully explained the charge(s) to which the defendant is pleading guilty, the necessary elements thereto, all possible defenses, and the consequences of a guilty plea to a felony. Based on these discussions, I have no reason to doubt that the defendant is knowingly and voluntarily entering into this agreement and entering a plea of guilty. I know of no reason to question the defendant's competence to make these decisions. If, prior to the imposition of sentence, I become aware of any reason to question the defendant's competency to enter into this plea agreement or to enter a plea of guilty, I will immediately inform the court.

DATED: _4-14-2020_        _John Wolfe, by WHB_

JOHN WOLFE, Washington Bar No. 8028
Attorney for Walter Earl

Attested to and signed by:
William H. Bittner, Alaska Bar No. 720042

On behalf of the United States, the following accepts the defendant's offer to plead guilty under the terms of this plea agreement.

DATED: _4/20/20_        _____

BRYAN SCHRODER
United States of America
United States Attorney

U.S. v. Walter Earl