E. BRYAN WILSON
Acting United States Attorney

STEVEN E. SKROCKI
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Tel: (907) 271-5071
Fax: (907) 271-1500
E-mail: steven.skrocki@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | No. 3:20-CR-00034-SLG |
| WALTER EARL, | ) | |
| Defendant. | ) | |

**UNITED STATES' SENTENCING MEMORANDUM**

COMES NOW the United States of America, by and through undersigned counsel, and files with the court a sentencing memorandum in the above captioned case. For the reasons provided below, the United States requests that the court impose sentence in conformity with the plea agreement executed by the parties, along with the recommendations made by the Probation Office in its sentencing recommendation to the court.

## I. SUMMARY OF SENTENCING RECOMMENDATIONS

**TERM OF IMPRISONMENT** ..................................................................0 Months
**PROBATION** ..................................................................5 Years Concurrent
**FINES**..................................................................$185,000[1]
**RESTITUTION**.................................................. $216,054 to the IRS
**SPECIAL ASSESSMENT**..................................................................$400.00
**FORFEITURE/ABANDONEMENT** ........Various items of ivory per plea agreement.

The defendant Walter Earl has plead guilty to a 4-count Information filed contemporaneously with a plea agreement. (Dkts 1 and 2, respectively) Pursuant to that plea agreement the defendant entered pleas of guilty to Counts 1 and 3 of the Information, which charged him with felony violations of the Lacey Act, 16 U.S.C. § 3372, and to Count 4 of the Information, which charged him with Tax Evasion, in violation of 26 U.S.C. § 7201. As part of the plea agreement the defendant has agreed to forfeit an extensive amount of walrus tusks, walrus parts, and other marine mammal parts (*see* Docket 2-1), along with paying full restitution to the IRS for taxes owed in the amount of $216,054. The defendant has also agreed to pay fines in the amount of $35,000 for Counts 1-3, and a fine of $150,000 for Count 4, Tax Evasion for a total fine amount of $185,000. All told, the defendant has agreed to pay $401,054.00 in fines and restitution for these offenses. For the reasons provided below, the parties request that the court accept the agreement and

---

1 The parties agree that the fine amounts imposed for Counts 1, 2, 3 and 4 should be designated to the Lacey Act Reward Account, U.S. Fish and Wildlife Service, Cost Accounting Section, P.O. Box 272065, Denver, Colorado, 80227-9060, administered by the United States Fish and Wildlife Service. As to restitution, according to defense counsel, restitution to the IRS has been paid in full in the amount of $216,054.

sentence the defendant in accord with the plea agreement and the recommendation of the U.S. Probation Office's Sentencing Recommendation.

## II. GUIDELINE APPLICATIONS

### A. Application

There is no dispute that the Guideline provisions for this offense would provide for an adjusted sentencing guideline range of 18 to 24 months.

### B. Acceptance of Responsibility

As of this writing, and due to the plea agreement and its terms, the United States requests the court to award the defendant a three-point reduction for acceptance of responsibility. As indicated by the joint filing of the Information and Plea Agreement, the defendant, through counsel, cooperated with the government's investigation. This case was never considered as one placed on a trial track.

### C. Criminal History Category Computation

The defendant's criminal record is Category 1.

## III. APPLICATION OF 18 U.S.C. § 3553(a)

In addition to the Guidelines, the following sentencing factors set forth in 18 U.S.C. § 3553(a) apply with respect to the sentence to be imposed in this case: (1) the nature and circumstances of the offense and history and characteristics of the defendant; (2) the need for the sentence to reflect the seriousness of the offense, afford deterrence, protect the public from further crimes and provide the defendant training and treatment; (3) the kinds of sentences available; (4) the established Guidelines sentencing ranges; (5) any pertinent Guidelines policy statements; (6) the need to avoid unwarranted sentence disparity

U.S. v. Earl  Page **3** of **9**
3:20-cr-00034-SLG
Case 3:20-cr-00034-SLG-MMS   Document 53   Filed 08/04/21   Page 3 of 9

between defendants with similar records convicted of similar crimes; and (7) the need to provide restitution to victims of the offense. See, 18 U.S.C. § 3553(a)(1) through (7). Each sentencing factor is addressed in turn:

### A. Nature and Circumstances of Offense and the History and Characteristics of the Defendant.

#### 1. History and Characteristics of the Defendant – Unlawful Conduct

Other than the instant offense, the defendant's criminal history does contain some financial criminal history, a bank fraud charge from 1997, which resulted in the defendant completing successfully pretrial diversion.

#### 2. The Instant Offense – The Counts of Conviction and Non-Licensed Firearms Sales

The instant offenses involve several crimes and is well documented by the Presentence Report. In summary, the instant offense consisted of the long-term trafficking of walrus ivory and other marine mammal parts, the failure to pay taxes, and the selling of firearms without the appropriate ATF license in violation of Title 18 U.S.C. § 922(a)(1)(A) and 923(a)(1)(D). As noted in the plea agreement, the defendant's plea agreement is based on the illegal wildlife trafficking activity and his failure to pay taxes. As part of the plea agreement, the defendant has agreed to cease his illegal buying and selling of firearms, which was not a significant aspect of his business, and to use a licensed dealer to conduct any purchases or sales of firearms.

### B. Need for the Sentence to Reflect the Seriousness of the Offense, Afford Deterrence, Protect the Public, and Rehabilitate the Defendant.

The defendant comes before this court as an experienced illegal walrus ivory purchaser and seller who, over the years, also failed to pay federal income tax from his downtown business location. The reasons provided for this illegal activity are documented in the Presentence Report and by the defense and need not be repeated here.

In terms of the illegal ivory sales, the blackmarket sale of wildlife products is a multi-billion dollar worldwide business with a perilous impact on the world's diminishing wildlife resources. With respect to the conduct at issue in Counts 1, 2 and 3, the illegal sale of walrus, the Marine Mammal Protection Act (MMPA) prohibits the sale of non-Alaska Native handicrafted walrus ivory by the defendant. The underground sale of ivory is detrimental to the spirit and purpose of the MMPA, which provides exemptions to the take of marine mammals to certain coastal-dwelling Alaska native peoples to continue and expand the cultural legacy of subsistence hunting and the traditional handicrafting of marine mammal parts for specific uses including commercial sale of such handicrafting and artwork. As detailed in the presentence report the defendant willingly and knowingly accepted what he knew were illegal wildlife parts for future illegal sales. It is only proper that his inventory be abandoned and that he receive a substantial fine for this conduct as deterrence him and other sellers so inclined.

As to the defendant's tax liabilities for the years 2013-2017, the reasons for that conduct are similarly well-documented. It is noted and notable that the defendant has paid the entire restitution amount due and owing to the Internal Revenue Service. Having extensive experience in wildlife and fraud matters, the government can attest that the defendant's payment of restitution, and fines in conjunction with imposition of sentence is notable,

noteworthy and in significant contrast to other fraud cases where hardly any to no funds are ever paid to the court to satisfy restitution or fines imposed. Thus, the payment of restitution to the IRS and the fine payments to be made soon advocate for acceptance of the plea agreement by the court.

    **C.    Kinds of Sentences Available**

As noted in the presentence report, the defendant is approaching 80 years of age, has no record of violent criminal conduct and one prior fraud charge. The parties to this case have been cognizant of the defendant's age, the past and current COVID environment, and have worked together in attempting to strike a balance acceptable to the court as to an appropriate sentence in the current environ under the facts of this case. The United States agrees with the recommendation of the Probation Office that incarceration is not warranted on this record, though the years of criminal conduct are not to be taken likely. Given the tenure of the conduct, and taking it into account, the United States agrees with the recommendation of the Probation Office that the defendant serve a period of six months home detention, along with the other conditions recommended. (See, PSR at pgs. 3 and 4, Dkt 47) This would include the electronic monitoring recommendation based on the tenure, nature and the totality of facts concerning the defendant's criminal conduct. *(See*, Recommendation 1, pg. 3, Dkt 47 (Sealed)

    **D.    Sentencing Ranges Available**

The sentence recommended by the United States is outside of the range calculated by the Presentence Report and the Sentencing Guidelines, but for reasons stated by the

U.S. v. Earl                         Page **6** of **9**
3:20-cr-00034-SLG
Case 3:20-cr-00034-SLG-MMS    Document 53    Filed 08/04/21    Page 6 of 9

parties a sentence of incarceration is not an appropriate sentence based on the Section 3553 factors.

   E.   **Pertinent Policy Statements**

The United States is unaware of any pertinent policy statements applicable to the sentence it recommends.

   F.   **Need to Avoid Sentence Disparity**

To the United States' knowledge, there are no comparable cases to the government's knowledge in district or outside of the district which could be utilized to judge this factor. Still, a sentence of four felony convictions, forfeiture/abandonment of the defendant's illegal wildlife inventory, significant monetary obligations in the form of fines and restitution, and six months home confinement, along with other conditions recommended, provide a sufficient penalty along with a deterrent imposing and public protection basis for a defendant of this age, his willingness to pay restitution in full to the IRS pre-sentencing, and other factors articulated by the parties.

   G.   **Fine**

The defendant has stated he will pay 100% of the Lacey Act imposed fines, an amount of $35,000, on or within 48 hours of imposition of sentencing. The defendant has also stated he will also pay 50% of the $150,000 Tax Evasion fine within the same period. The remaining 50% of the IRS fine will be paid within 6 months or sooner. Total fines imposed in this case thus amount to $185,000.

When the payments are received, the United States requests that the fine payments be directed to the Lacey Act Reward Account, as indicated in footnote 1 of this memorandum. In

the event the fine payments are not received as promised, the United States would request that the court set on a hearing or motion practice as to the failure of the receipt of the fine funds as promised by the defendant given its impact on the government's plea agreement and recommendation.

IV. **CONCLUSION**

The defendant in this case is 76 years of age. Wisely, he secured able and experienced counsel who have worked cooperatively with the United States in identifying relevant acts and evidence which in turn resulted in the careful crafting of an agreement which satisfies the sentencing factors of concern to Congress and this court under 18 U.S.C. § 3553. It is doubtful that this defendant will violate the law again, and he undoubtably is on notice that his business will be monitored for some time to ensure such activity remains in the past. Four federal felony charges, $185,000 in fines and restitution of more than $400,000, and half a year of monitoring/home confinement, all operate as a deterrent to him and to others similarly inclined or engaged.

Given all the foregoing, the United States requests that the court sentence the defendant in conformity with the recommendations made herein and in the plea agreement as they fully meet the statutory factors provided in 18 U.S.C. § 3553 for the offenses of conviction and the overall offense conduct.

Lastly, the United States thanks the court for its patience and understanding with respect to the various continuances sprinkled throughout this action. It is much appreciated by the government and defense counsel.

//

U.S. v. Earl
3:20-cr-00034-SLG
Page **8** of **9**

Case 3:20-cr-00034-SLG-MMS   Document 53   Filed 08/04/21   Page 8 of 9

RESPECTFULLY SUBMITTED August 4, 2021, in Anchorage, Alaska.

E. BRYAN WILSON
Acting United States Attorney

s/Steven E. Skrocki
STEVEN E. SKROCKI
Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on August 4, 2021,
a copy of the foregoing was served
electronically on:

John Wolfe
Aaron Brecher
William Bittner

s/Steven E. Skrocki
Office of the U.S. Attorney